JOHN A. STOYELL vs. HIRAM B. STOYELL.

Franklin.    Opinion February 11, 1890.

*Evidence.    Promissory note.    Receipt.    Fraud.*

A maker of a note, in a suit thereon by the payee, is not allowed to testify against the note, that it was given for the purpose of a receipt, or was understood by the parties as having only the effect of a receipt, as that would be the verbal contradiction of a written promise. He could testify that he supposed he was signing a paper that was in fact a receipt, and that he was induced to suppose so, not himself reading the paper, or noticing its terms, by the fraud of the payee.

ON MOTION.

This was an action upon a promissory note of the following tenor:

$155.                              Farmington, Nov. 9, 1886.

For value received I promise to pay John A. Stoyell or order one hundred and fifty-five dollars with interest at — per cent.

H. B. STOYELL.

The defense was that the note was without consideration, that the defendant signed the note in suit for the purposes of a receipt, and that he did not intend to sign it as a note.

The defendant was an heir-at-law, and a legatee under the will of his mother, and the plaintiff, his brother, executor of their mother's will.

The plaintiff was about to leave the state [pretending to go to Boston and soon return, but it proved to be for his home in Bismarck, where he ever since has been], and take with him the funds of the estate, and the defendant requested his share of his legacy under the will.

The plaintiff claimed that he could not pay him all, but would let him have one hundred dollars, a part of it; they went into the Sandy-River National Bank together; the plaintiff got a check cashed and paid the defendant one hundred dollars on account and took from him a receipt, which now turns up in the form of a promissory note.

The defendant testified to the transaction with his brother, that "It was the morning he started ostensibly for Boston, but it turned out for the west. He was in a hurry and had to take the train over the west side and I had a horse hitched up. I asked him for my share of the interest money. He said he couldn't let me have it all, but would let me have a hundred dollars to pass through the winter. He paid me one hundred dollars and I signed the receipt as I supposed, and I carried him over the river and he took the train."

He also testified that he received, at or about this time, no other money from his brother; was not owing him; had no occasion for giving him any note; and did not read it when it was passed to him.

In rebuttal it was admitted that the plaintiff has made no charge in his probate account of the $100, paid defendant November, 1886, or for $155, or for any sum as part of his legacy.

The verdict was for defendant.

*P. H. Stubbs, W. Fred P. Fogg, and F. E. Timberlake,* for plaintiff.

*E. O. Greenleaf,* for defendant.

The jury did not mistake their duty, and comprehended the law as given them by the court. The verdict should not be set aside. *Farnum* v. *Virgin,* 52 Maine, 576; *Folsom* v. *Skolfield,* 53 Id. 171; *Darby* v. *Hayford,* 56 Id. 246; *Enfield* v. *Buswell,* 62 Id. 128; *Purinton* v. *R. R. Co.,* 78 Id. 569; *Smith* v. *Brunswick,* 80 Id. 189, and cases there cited; *Martin* v. *Tuttle,* Id. 310; *Baker* v. *Briggs,* 8 Pick. 122 and cases cited on p. 126; *Coffin* v. *Ins. Co.,* 15 Pick. 291.

PETERS, C. J. The defendant is sued on his promissory note for one hundred and fifty-five dollars given to the plaintiff, his brother. The defense is that he signed the paper as a receipt and not as a note, receiving from his brother, as executor of their mother's estate, one hundred dollars at the time of signing,—and no more at any time.

If the defendant received one hundred dollars in money and

knowingly gave a note therefor, he cannot set up that the note was understood to be in effect a receipt, or a substitute for a receipt, so as on that ground to wholly avoid the note. That would be the verbal contradiction of his written contract. *Shaw* v. *Shaw*, 50 Maine, 94.

But the defendant states the transaction more favorably to himself than that. He swears that the money was paid to him as a portion of a legacy due to him from his brother as executor of his mother's estate, and that the brother induced him to sign the note by falsely pretending that it was a receipt, instead of a note, and that he did not read the paper at the time. If this statement be true it is a defense on the ground of fraud, and is permissible between the original parties to the note.

His testimony is opposed by the existence of the note itself, a strong presumption of validity always attaching to such an instrument as against mere oral evidence, especially when, as in this case, the defendant is an intelligent person and possesses at least a knowledge of common business transactions. But in the defendant's favor it may be said that his testimony does not appear to have been weakened by the cross-examination, and that no request was made for continuance or delay to obtain the deposition of the plaintiff, who was not present to testify. Though we have entertained doubt what our determination should be, on the motion to set aside a verdict which nullifies the note, the conclusion is to allow the verdict to stand.

*Motion overruled.*

WALTON, VIRGIN, EMERY, FOSTER and HASKELL, JJ., concurred.